## Security Building & Savings Union *v.* Colvin.

*Mechanic's lien—Insufficient description—Evidence.*

A mechanic's lien is fatally defective as against a subsequent mortgage, where it appears that the owner had other properties in the same street, and the description in the lien is erroneous and defective as to the length of the lot and as to the names of the adjoining owners and is correct only as to the name of the street and the width of the lot.

Argued Jan. 16, 1905. Appeal, No. 15, Jan. T., 1905, by Joseph Wolf, from order of C. P. Lackawanna Co., March T., 1903, No. 474, sustaining exceptions to auditor's report in case of the Security Building & Savings Union v. Jesse G. Colvin. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of H. D. Carey, Esq., auditor.

The facts appear by the opinion of the Superior Court.

*Errors assigned* were in sustaining exceptions to report of the auditor.

*A. A. Vosburg*, with him *Chas. W. Dawson*, for appellant.— A finding of fact upon the part of an auditor, is equivalent to the verdict of a jury, and will only be set aside on good grounds as would justify the setting aside of a verdict: McConnell's App., 97 Pa. 31; Bedell's App., 87 Pa. 510.

And the question of the sufficiency of the description was plainly one for the jury to pass upon : McClintock v. Rush, 63 Pa. 203; Ewing v. Barras, 4 W. & S. 467; Richardson v. Glockner, 3 Penny. 90; Kennedy v. House, 41 Pa. 39.

It is not necessary that the description in the mechanic's lien should be either full or precise. Certainty to a common intent is the rule : McClintock v. Rush, 63 Pa. 203; Kennedy v. House, 41 Pa. 39; Springer v. Keyser, 6 Wharton, 187; Knapp's App., 10 Pa. 186; Shaw v. Barnes, 5 Pa. 18; Brown v. West, 7 Pa. C. C. Rep. 619; Montgomery v. Fibre Co., 1 Pa. Superior Ct. 261; Cowdrick v. Morris, 9 Pa. C. C. Rep. 312; Hill's Est., 2 Clark, 96; Williams's App., 5 W. N. C. 24.

*H. C. Reynolds*, for appellee.—The description was fatally defective : Hill's Est., 2 Clark, 96 ; Springer v. Keyser, 6 Wharton, 187.

A description may be so defective as to enable the court to say that it cannot possibly identify the building or give notice to the purchaser or encumbrancer : Kennedy v. House & Horton, 41 Pa. 39.

OPINION BY HENDERSON, J., March 14, 1905 :

The property against which the appellant's lien is filed is described as follows : " The building so far as it is constructed is about eighteen feet by thirty-six feet in size. The building is not completed, but the claimant has nothing to do with the construction of the building, except so far as set forth in this lien. The building is being constructed on a lot in the twenty-first ward of the city of Scranton, county of Lackawanna, and state of Pennsylvania, which lot is about forty feet wide in front and rear and about 150 feet in depth, and is adjoined by lands reputed to belong to Anson Lowry and F. C. Colvin, and said lot fronts upon street called 'Dorothy Street.' " The appellant's claim was for digging a cellar and erecting the foundation walls. The defendant received a deed dated May 28, 1902, for " a lot of land situate on the northeasterly side of Dorothy street and fronting on said Dorothy street in the twenty-first ward of the city of Scranton, county of Lackawanna, and state of Pennsylvania, being lot number six in square or block " K," upon the plot of lots known as the " Tripp Farm Land Company's plot of lots," recorded in the office for the recording of deeds in and for Lackawanna County, in Deed Book, No. 165, at page 2 ; said lot being forty feet wide in front, same width in rear, and 112 feet in depth to a court called Reuben Court, fourteen feet wide, for public use."

At the date of this conveyance there was a three-story frame dwelling house on the lot, having a width of eighteen feet and depth of thirty-six feet, with a projection two by fourteen feet extending to the full height; and an extension or " L " eight by eight feet to the height of the building. On June 17, 1902, the defendant executed a mortgage to the plaintiff as security for $1,250. Dorothy street extends along several blocks, block " K " being about in the middle. There are thirteen lots in

this block numbered one to thirteen inclusive, all of them of equal dimensions. It appears from the evidence that neither F. C. Colvin nor Anson Lowry had then or ever had any interest in or possession of lots five and seven adjoining lot six. It also appears that the defendant was the owner of lot eight in that block in 1901, upon which he erected a dwelling house, and that prior to 1902 he erected houses on other lots in the block which he claimed to own. All the houses on the street were built by him or by him and his son. The evidence showed that the houses built by the defendant were built before he acquired title to the several lots, and the auditor made the following finding: "I find that J. G. Colvin owned other lands by parol agreement on Dorothy street upon the same side thereof and in the same block as the lot described in the mechanic's lien, also that he owned a dwelling at the time upon the same side of the street in the same block." The only definite identification of the lot as described in the lien is in the name of the street, the dimensions of the foundation, and the names of the adjoining owners. As a house was erected on the foundation at the time the plaintiff's mortgage was recorded, a change had taken place in the physical condition of the property, by reason of which the size of the foundation would give little information. Moreover, the form of the house indicated a foundation somewhat different from that described in the lien. The claimant could not comply with the requirements of the statute in giving the "size and number of stories" of the house, as it had not been erected when the lien was filed. He, therefore, is required to give "such other matters of description as shall be sufficient to identify the same." It was necessary to locate the lot with such definiteness that persons interested might be able to find it. This the claimant failed to do. The description of the lot was erroneous and defective in every respect except in width. It was described in the lien as 150 feet in depth, whereas, it was in fact 112 feet; and the persons who were said to be adjoining owners were not then and never had been connected with the property in possession or title. The defendant was interested by title or possession in several other lots on the street, and particularly in number eight in the block in question. It is contended by the appellant that the lien is aided by the fact that no other house was in process of con-

struction on the street as that time; but in view of the changed condition of the property because of the erection of the house, it is not apparent how that fact would aid the mortgagee in locating or identifying the lot described in the lien. It is undoubtedly the rule that if there be enough in the description of the locality and other peculiarities of the property to point out and identify it with reasonable certainty, it is a compliance with the requirements of the statute. But no case has been called to our attention in which a description so vague and indefinite has been held to satisfy the legal requisites. It is also contended that as there was no lot between the lots of Lowry and F. G. Colvin, who owned lots twelve and thirteen, in the same block, no one could be misled by naming them as adjoining owners. It cannot be contended, however, that this would not have a tendency to create confusion and uncertainty as to the location of the particular lot. There were thirteen lots in the block. Lowry and Colvin owned two of them. The principal identification of the lot as described in the lien consisted of the names of the owners of the adjoining property. The persons said to be owners of these lots were not owners but were in possession of other lots in the same block. Leaving out of the description in the lien the names of the adjoining owners, nothing remains except the width and the name of the street as matters of identification. As all the lots in the block were of the same width, and others of them were and had been in possession of the defendant, there was no identification at all which would lead an inquirer to find the particular property charged. The description in connecting the lot with those of Lowry and Colvin led directly away from the lot intended to be described. The form of the building on the premises, or the relation of the property to adjoining owners, or the fact that the owner had no other property in the locality described, might be sufficient to indicate the property and sustain the claim. In all of these particulars the appellant's case is deficient. The conclusion of the learned judge of the court below is justified by the evidence. His opinion gives a careful review of the case, and we are satisfied with his conclusions. The decree is affirmed.